974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bartolo ALVAREZ-RAMIREZ, Defendant-Appellant.
 No. 91-30382.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 1, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bartolo Alvarez-Ramirez ("Alvarez") appeals his jury conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Alvarez contends that he was entrapped into committing the stated offense. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "Entrapment is established when it is shown that a government agent has persuaded an unwilling person to commit a crime." United States v. Esquer-Gamez, 550 F.2d 1231, 1232 (9th Cir.1977). The defendant must show that (1) the crime was induced by the government, and (2) that the defendant was not predisposed to commit the crime. Mathews v. United States, 485 U.S. 58, 62-63 (1988). To determine predisposition, we consider (1) the defendant's character or reputation; (2) whether the government initially suggested the criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance, and (5) the nature of the government's inducement. United States v. Bonanno, 852 F.2d 434, 438 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989).
 
 
 4
 Here, Alvarez contends that he was not predisposed to distribute the cocaine and committed the crime only after being badgered by Roberto Gonzalez, a confidential informant.[1] Prior to Alvarez' arrest and after Gonzalez agreed to assist the government, Gonzalez testified that he made approximately four phone calls to Alvarez and met him personally on approximately five occasions. Alvarez alleged that Gonzalez attempted to contact him 20 to 30 times at his residence during the span of one month.
 
 
 5
 Although Alvarez claimed he was reluctant to participate in the drug deal, he did facilitate it for profit.[2] See United States v. Gordon, 844 F.2d 1397, 1406 (9th Cir.1988). Alvarez had previously been convicted for drug distribution in 1989, and the nature of the government's inducement was only money. See United States v. Citro, 842 F.2d 1149, 1152 (9th Cir.) (government's inducement of money and dinners not extraordinary), cert. denied, 488 U.S. 866 (1988). Viewed in a light most favorable to the government, the evidence was sufficient to support the jury's conclusion that Alvarez was predisposed to commit the crime. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Alvarez arranged to deliver three kilograms of cocaine to Gonzalez for $26,500 per kilo
 
 
 [2]
 Alvarez expected to receive $500 for each kilo of cocaine delivered